<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID A. LAVELLE,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>PSE&G GAS AND ELECTRIC,<br><br>　　　　　　　　　　Defendant. | Case No. 22cv5735 (EP) (LDW)<br><br>**OPINION** |

**PADIN, District Judge.**

This matter comes before the Court on Defendant Public Service Electric and Gas Company's[1] ("PSE&G") motion to dismiss *pro se* Plaintiff David A. Lavelle's Complaint, which alleges discrimination under Title VII[2] and the ADEA.[3] D.E. 7 "Mot." The Court decides this motion on the papers pursuant to Fed. R. Civ. P. 78 and L.Civ.R.78.1(b). For the reasons set forth below, PSE&G's motion will be **GRANTED**.

**I.　BACKGROUND**

From May 1989 until his termination[4] in August 2020, Lavelle was employed as a service technician for PSE&G. D.E. 1 ("Compl.") at 9.

Lavelle asserts discrimination claims arising from two events: his termination from PSE&G, on August 28, 2020, Compl. at 4, 9; and the arbitration hearing, which ended unfavorably for Lavelle, on October 21, 2021, *see id.* at 9. On June 23, 2022, 664 after Lavelle's

---

[1] Pled as PSE&G Gas and Electric.
[2] Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e – 2000e-17.
[3] Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 – 634.
[4] The Complaint does not specify any specific reasons for Lavelle's termination, except to state that he "was terminated for a violation in codes of conduct." D.E. 1 at 9.

termination, and 245 days after the arbitration hearing, Lavelle filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 6-7. Lavelle's Charge states:

> On Aug[u]st 28, 2020, I was terminated for a violation in codes of conduct. It was my first write up, I feel as though I was terminated because of my age and medical condition. I appealed my termination, and the arbitration didn't end [until] October [2]1, 2021. There was still no answer for why I was terminated. Only I was terminated from [PSE&G]. Given the above, I believe I have been discriminated against due to my age in violation of the Age Discrimination in Employment Act of 1967 [("ADEA")], as amended. I believe that I was discriminated because of my disability, in violation of the Americans with Disabilities Act of 1990 [("ADA")], as amended.

*Id.*

On June 30, 2022, the EEOC dismissed Lavelle's Charge and issued him a right-to-sue letter. *Id.* On September 27, 2022, Lavelle filed this suit pursuing claims under Title VII and the ADEA.[5] *See id.* at 3. On January 29, 2023, PSE&G moved to dismiss Lavelle's Complaint under Fed. R. Civ. P. 12(b)(6). On March 22, 2023, Lavelle opposed. On March 29, 2023, PSE&G replied. This motion is ripe for the Court's review.

## II.     LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "[f]ailure to state a claim upon which relief can be granted." When reviewing a motion to dismiss, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be

---

[5] Lavelle's suit appears to have substituted an ADA claim—included in his Charge with the EEOC—for a Title VII claim—not included in his Charge with the EEOC, but included in the Complaint. *Compare* Compl. at 3 *with id.* at 9.

2

entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quotations omitted).

Under this standard, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Courts do not to give credit to a complaint's "bald assertions" or "legal conclusions." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997). Moreover, when a *pro se* plaintiff is involved, courts must "find that it is clear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him relief.'" *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. DISCUSSION

PSE&G raises two arguments in favor of dismissing Lavelle's Title VII and ADEA claims. First, Lavelle's claims are untimely, and therefore, statutorily barred. Second, the Complaint lacks factual allegations to support Lavelle's claims. The Court agrees with PSE&G, to the extent outlined below.

#### A. Statute of Limitations

Before a plaintiff files suit in federal court asserting claims under Title VII and the ADEA, he must first exhaust his administrative remedies by filing a timely Charge with the EEOC.[6]  42 U.S.C. § 2000e-5(f)(1); *Griffin v. State Dep't of Human Servs.*, 2019 U.S. Dist. LEXIS 124820, at *14 (D.N.J. July 2, 2019) (same).

To pursue a Title VII or ADEA claim, a prospective plaintiff must file his Charge with the EEOC "within one hundred eighty days after the alleged unlawful employment practice occurred" or, if applicable, "within three hundred days" in "deferral states," such as New Jersey.[7]  42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(e); *see also Cortes v. Univ. of Med. & Dentistry of N.J.*, 391 F. Supp. 2d 298, 310 (D.N.J. 2005) (noting New Jersey is a deferral state, which means the EEOC must refer Charges to the New Jersey Division on Civil Rights, and thus a Charge is timely if filed with the EEOC within 300 days of the alleged violation).  A prospective plaintiff loses his ability to recover if he fails to file a Charge with the EEOC within this statutory time period.  *Nat. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).

Under Title VII, where the EEOC dismisses a Charge, it issues the prospective plaintiff a "right-to-sue-letter," the receipt of which triggers a ninety-day statutory time period within which the prospective plaintiff may file suit in federal court.  42 U.S.C. § 2000e-5(f)(1); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999) (explaining the ninety-day statutory time period acts as a statute of limitations).  While the ADEA does not require that the EEOC issue a right-to-sue letter before a suit is filed in federal court, "[i]n the event that the EEOC [does]

---

[6] The same applies for ADA claims.  42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA); *Williams v. East Orange Cmty. Charter School*, 396 F. App'x 895, 897 (3d Cir. 2010).

[7] The same applies for ADA claims.  *See Cotrell v. Rowan Univ.*, 786 F. Supp. 2d 851, 861-62 (D.N.J. 2011) (granting summary judgment for defendant on ADA claim where plaintiff failed to exhaust administrative remedies by not filing a Charge with the EEOC, within the statutory time period, prior to filing federal claim).

4

issue[] a right-to-sue letter, an ADEA claimant must file [his] federal suit within ninety days after receipt of the letter." *Covington v. URS Corp.*, 2013 U.S. Dist. LEXIS 70755, at *7 (D.N.J. May 20, 2013) (citing 29 U.S.C. § 626(e); *Ruehl v. Viacom Inc.*, 500 F.3d 375, 383 n.11 (3d Cir. 2007)); *see also Angrand v. Paragon Vill.*, 2010 U.S. Dist. LEXIS 39669, at *7 (D.N.J. Apr. 22, 2010) (same). Failure to comply with the ninety-day statutory time period is cause for dismissal under both Title VII and the ADEA. *See, e.g.*, *Rockmore v. Harrisburg Prop. Serv.*, 501 F. App'x 161, 164 (3d Cir. 2012) (affirming dismissal of Title VII plaintiff's complaint as untimely because it was filed more than ninety days after receipt of EEOC right-to-sue letter); *Griffin*, 2019 U.S. Dist. LEXIS 124820, at *15-16 (dismissing Title VII and ADEA claims as they were "clearly time-barred" for noncompliance with the ninety-day statutory time period).

First, Lavelle never filed a Charge with the EEOC raising a Title VII claim. Thus, any Title VII claim arising from Lavelle's termination or the arbitration hearing is barred because Lavelle did not file a Charge with the EEOC within 300 days of the alleged unlawful employment action. *See Morgan*, 536 U.S. at 110 (holding failure to file a Charge with EEOC within proscribed statutory time period provides basis for dismissing Title VII claim). Accordingly, Lavelle's Title VII claim is dismissed with prejudice as it is untimely.

Second, Lavelle did not file his Charge with the EEOC raising an ADEA claim[8] until 664 days after his termination and 245 days after his arbitration hearing. *See* Compl. 6-7. Thus, with respect to any ADEA claim arising from Lavelle's termination, his Charge was not filed with the EEOC until well after the 300-day statutory filing time period had passed. Accordingly, Lavelle's ADEA claim arising from this event will be dismissed with prejudice as it is untimely.

---

[8] Lavelle's Charge also raised an ADA claim.

However, with respect to any ADEA claim arising from the arbitration hearing, Lavelle's Charge was timely filed because it fell within the 300-day statutory filing time period. Lavelle also complied with the ninety-day statutory filing time period for his federal suit, having filed his Complaint eighty-nine days after receiving the right-to-sue letter from the EEOC. Accordingly, any ADEA claim arising from the arbitration hearing will not be dismissed on the basis of untimeliness.

B. **Failure to State a Claim**

Despite the timeliness of Lavelle's ADEA claim arising from the arbitration hearing, this claim must be dismissed for failure to "state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570.

The ADEA prohibits discrimination in employment with respect to "compensation, terms, conditions, or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a).[9] To state a claim under the ADEA, a plaintiff must demonstrate: (1) he belongs to the class of individuals protected by the statute; (2) he suffered an adverse employment action despite being qualified for the position; and (3) the adverse employment decision was a result of discrimination. *Purvis-Chapman v. Silverstein*, 2016 U.S. Dist. LEXIS 43324, at *7 (D.N.J. Mar. 31, 2016 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000) (discussing discrimination under the ADEA); *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (discussing discrimination under Title VII); *Shaner v. Synthes*, 204 F.3d 494, 500 (3d Cir. 2001) (discussing discrimination under the ADA and noting that plaintiff must show that he was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations)). "In particular, the third prong requires [a] plaintiff to demonstrate that 'the protected trait…actually

---

[9] The ADA prohibits discrimination in employment on the basis of disability. 42 U.S.C. § 12112.

6

motivated the employer's decision.'" *Id.* at *7-8 (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)).

Here, the Complaint checks off boxes for "race" and "age" as the bases for Lavelle's discrimination claims, *see* Compl. at 4, and provides only the following conclusory allegations in support of those claims:

> Wrongfully terminated, singling out this employee to bring about termination. Slander, harassment, discrimination, false sexual allegations, false theft allegations, false viral allegations relating to the allegations against this employee to bring about termination. The disparate treatment of this employee, ridiculing, defamation of character, mocking and berating this employee throughout the in-house proceeding and appeal exposing false allegations throughout the company to all employees during and after the trial and appeal.[10]

Compl. at 5.

At most, the Court can infer that Lavelle satisfies the first prong for a discrimination claim under the ADEA: he belongs to a protected class, because the "age" box was checked-off in the Complaint. *See* Compl. at 4.

However, because Lavelle's ADEA claim arising from his termination is barred as untimely, *supra* Section III.A., sufficiently pleading the second and third prongs for this claim must be based on the arbitration hearing. Lavelle does not sufficiently plead either prong. He provides no factual allegations that could lead to the inference that the arbitration hearing constituted an adverse employment action. Moreover, even if the Court infers that the arbitration hearing constitutes an adverse employment action, Lavelle does not plead that discrimination based on his "age" was the motivation behind any action taken by PSE&G. Thus, Lavelle has failed to state a claim under the ADEA.

---

[10] The "trial and appeal" Lavelle refers to are the union grievance filed on his behalf and the subsequent arbitration hearing. *See* Compl. at 9.

Accordingly, to the extent that Lavelle's ADEA claim is based on the arbitration hearing, this claim is dismissed without prejudice.[11]

IV.  **CONCLUSION**

For the foregoing reasons, PSE&G's motion to dismiss Lavelle's Complaint will be **GRANTED**.  Lavelle's Title VII claim will be **DISMISSED** *with prejudice*.  Lavelle's ADEA claim arising from his termination of employment will be **DISMISSED** *with prejudice*.  Lavelle's ADEA claim arising from the arbitration hearing will be **DISMISSED** *without prejudice*.  To the extent permitted, Lavelle will have thirty (30) days to file an Amended Complaint correcting the deficiencies noted herein.  An appropriate Order accompanies this Opinion.

Dated: August  3, 2023

*Evelyn Padin*
Evelyn Padin, U.S.D.J.

---

[11] To the extent that Lavelle attempts to plead a defamation claim (based on slander), the Complaint wholly lacks any factual allegations that would support the elements necessary for a defamation claim, namely: "(1) that a defendant made a false and defamatory statement concerning him; (2) that the statement was communicated to another person (and was not privileged); and (3) that the defendant acted negligently or with actual malice." *G.D. v. Kenny*, 205 N.J. 275, 292-93 (2011).  Accordingly, if Lavelle seeks to plead this claim in an Amended Complaint, he is on notice as to what he must plead to support a defamation claim.